UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-4,<br><br>Plaintiff,<br>v.<br><br>OAK PARK HOMEOWNERS ASSOCIATION; 886 PARK WALK TRUST; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:17-cv-03084-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Defendant Oak Park Homeowners Association's ("HOA") motion for summary judgment (ECF No. 34); Defendant 886 Park Walk Trust's ("Trust") motion for summary judgment (ECF No. 35); and Plaintiff Bank of New York Mellon's ("BONY") motion for partial summary judgment (ECF No. 36). The Court has reviewed the various responses and replies thereto (ECF Nos. 37, 38, 39, 41, 42, 44, 47). The Court has also reviewed BONY's unopposed motion for leave to file supplemental authorities. (ECF No. 46.) The Court grants BONY's motion for leave to file supplemental authorities. The Court defers ruling on the remaining motions and grants BONY leave to

///

1  supplement its motion for partial summary judgment to offer admissible evidence that it
2  tendered the superpriority amount.

## II.   BACKGROUND

The following facts are undisputed unless otherwise indicated.

Gilbert E. Garcia ("Borrower") refinanced the real property ("Property") located at 886 Parkwalk Avenue, Las Vegas, NV 89123 through a $177,000 loan, secured with a first deed of trust ("DOT") executed on October 19, 2005, and recorded with the Clark County Recorder on November 23, 2005. (ECF No. 36 at 3.) BONY acquired the DOT via assignment. (*Id.*)

The Borrower failed to pay HOA assessments and the HOA recorded a notice of delinquent assessment lien on December 18, 2012. (*Id.*) The HOA recorded another notice of default and election to sell on February 25, 2013. (*Id.* at 4.)

Bank of America, N.A. ("BANA"), acting as service of the loan for BONY, requested a ledger from the HOA on April 4, 2013, identifying the superpriority amount allegedly owed to the HOA. (*Id.* at 3.) The HOA provided a ledger purportedly identifying the superpriority amount, but that figure included amounts in addition to the sum of nine months of common assessments. (*Id.*) BANA calculated the superpriority amount as $743.67, the sum of nine months of common assessments as identified in the HOA's ledger and tendered the amount to the HOA.[1] (*Id.*) The HOA accepted the tender. (*Id.*)

The HOA nevertheless recorded a notice of trustee's sale on July 24, 2013. (*Id.* at 4.) The HOA proceeded with the foreclosure on September 17, 2013, and Trust purchased the Property for $8,000. (*Id.*)

BONY filed the Complaint on December 19, 2017, asserting the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and the HOA's agent (Absolute Collection Services ("ACS")); (3) wrongful

///

---

[1]The parties dispute whether BONY has adequately shown that the superpriority amount was $743.67 as discussed *infra*.

2

foreclosure against the HOA and ACS; and (4) injunctive relief against Trust. (ECF No. 1 at 7-14.)

**III.    LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the

3

material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Trust and the HOA make several arguments in their responses that the Court need not consider because BANA's tender on behalf of BONY likely preserved the DOT. Accordingly, the Court only addresses the parties' arguments about tender.

BONY argues that it is entitled to summary judgment on its quiet title claim because BANA tendered the correct amount to satisfy the superpriority lien.[2] (ECF No. 36 at 2; ECF No. 46-1 at 3.) The Court likely agrees, though BONY has failed to authenticate the evidence offered to support its position, as discussed *infra*. Most of the arguments Trust and the HOA raise in response were rejected by the Nevada Supreme Court in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018).

The only unique argument Trust or the HOA raise is that BONY failed to produce admissible evidence of the superpriority amount. (ECF No. 44 at 6.) BONY responds with additional evidence of the superpriority amount in the form of a statement of account produced by ACS, an HOA "residential transaction detail" that purportedly confirms the monthly assessment amount during the relevant time period was $82.63, and deposition testimony that the statement of account accurately reflected the amounts owed. (ECF No. 47 at 6-7 (citing ECF Nos. 47-1, 47-2, 47-3).) However, BONY offered this additional evidence in its reply and failed to properly authenticate the exhibits attached to its reply. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773-74 (9th Cir. 2002) (alteration in original) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987))

---

[2]BONY supplements its argument about tender in its motion for leave to file supplemental authorities. (ECF No. 46.) The Court finds good cause to grant this motion because it is helpful to the Court and unopposed.

4

("In a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'"). Accordingly, the Court cannot find that BONY offered undisputed evidence that it tendered the superpriority amount. However, because such evidence is dispositive of the parties' claims, the Court will grant BONY leave to supplement its motion for partial summary judgment to offer admissible evidence that it tendered the superpriority amount. The Court will also permit Trust and the HOA to respond.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BONY's motion for leave to file supplemental authorities (ECF No. 46) is granted.

It is further ordered that BONY is granted leave to file a supplement to its motion for partial summary judgment within seven days of the date of this order for the sole purpose of authenticating the evidence on which it relies. The Court will not consider additional arguments. Trust and the HOA will have seven days from the date BONY's supplement is filed to respond, either jointly or individually. Any response must not exceed three pages. The parties are encouraged to confer and file a stipulation if possible. BONY's failure to file a supplement will result in denial of its pending motion for partial summary judgment.

DATED THIS 28th day of January 2019.

                                                                          MIRANDA M. DU
                                                                          UNITED STATES DISTRICT JUDGE