UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-4, | Case No. 2:17-cv-03084-MMD-NJK |
| | ORDER |
| Plaintiff, | |
| v. | |
| OAK PARK HOMEOWNERS ASSOCIATION; 886 PARK WALK TRUST; ABSOLUTE COLLECTION SERVICES, LLC, | |
| Defendants. | |

The Court deferred ruling on various motions for summary judgment[1] and *sua sponte* granted Plaintiff Bank of New York Mellon ("BONY") leave to supplement its motion for summary judgment to offer admissible evidence that it tendered the superpriority amount of Defendant Oak Park Homeowners Association's ("HOA") lien. (ECF No. 48 at 1-2, 5 ("January 28 Order").) BONY timely filed a supplemental brief. (ECF No. 49.) No responses were filed.

BONY's supplemental brief included admissible evidence to show that Bank of America, N.A. ("BANA") tendered the superpriority portion of the HOA lien to preserve BONY's first deed of trust ("DOT"). (ECF Nos. 49-1, 49-2.) This evidence supports BONY's tender argument as presented in the briefs relating to BONY's motion for partial summary judgment. (*See* ECF No. 48 at 4-5 (addressing BONY's tender argument and finding the

---

[1]Those motions are Defendant Oak Park Homeowners Association's motion for summary judgment (ECF No. 34); Defendant 886 Park Walk Trust's motion for summary judgment (ECF No. 35); and Plaintiff Bank of New York Mellon's motion for partial summary judgment (ECF No. 36).

only dispute to relate to admissibility of evidence of tender).) In light of this evidence, the Court will grant BONY's motion for partial summary judgment for the reasons articulated in the January 28 Order. The Court thus declares that Defendant 886 Park Walk Trust ("Trust") purchased the subject property subject to BONY's DOT.

In the Complaint, BONY primarily requests a declaration that its DOT survived the HOA Sale. (ECF No. 1 at 14-15.) The other relief requested (except for injunctive relief) is requested in the alternative. (*See id.*) Given that BONY has received the relief it requested, the Court dismisses BONY's remaining claims as moot.

It is therefore ordered that BONY's motion for partial summary judgment (ECF No. 36) is granted.

It is further ordered that the Trust's motion for summary judgment (ECF No. 35) is denied.

It is further ordered that the HOA's motion for summary judgment (ECF No. 34) is denied.

It is further ordered that BONY's remaining claims are dismissed as moot.

It is further ordered that the Clerk of the Court enter judgment in favor of BONY on BONY's first claim for relief (quiet title/declaratory judgment against all Defendants) and close this case.

DATED THIS 13th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE